JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ROBERT ADAMSON and Others, Defendants, Impleaded with LEO DORFMAN, Appellant, and FRANK S. DEMAREST, Respondent, Impleaded Defendant, Pursuant to Section 193, Subdivision 2, of the Civil Practice Act.*

First Department, February 7, 1936.

*Walter H. Merritt,* for the appellant.

*Joseph Otis,* for the respondent.

DORE, J. The Superintendent of Banks instituted this action to enforce the statutory liability of stockholders of the Bank of United States. On December 10, 1930, the day the bank was closed, defendant Dorfman was a stockholder of record of 100 shares, and the plaintiff has recovered judgment against Dorfman, as such

* Revg. in part and modfg. 148 Misc. 353.

record stockholder, in the sum of $3,375.47. On this appeal no issue is raised as to the liability of Dorfman to the plaintiff Broderick. Against an impleaded defendant, Frank S. Demarest, however, Dorfman asserted a cross-claim which the learned court at Special Term dismissed. From that dismissal Dorfman appeals.

Demarest, a customer of Orvis Brothers & Company, stockbrokers, purchased through such brokers, on November 27, 1930, 100 shares of stock of the Bank of United States, which were fully paid for by Demarest from his cash credit balance, so that he was owner thereof without any claim whatever on the part of his brokers for margin or other charges. The certificate, however, was not issued in the name of Demarest, but in the name of the appellant, Dorfman, an employee of Orvis Brothers & Company. On December 10, 1930, on being informed of a rumor that the bank might not open the following day, and on his brokers' suggestion that he sell, Demarest gave Orvis Brothers & Company an order to sell the 100 shares of bank stock. The stock was sold December 10, 1930, and the certificate was delivered December 11, 1930, to Parrish & Company, stockbrokers, who received the stock certificate and paid the purchase price therefor on December eleventh. The bank was closed after business on the night of December tenth. The books of Orvis Brothers & Company show that Demarest's account was credited with the proceeds of the sale on December 11, 1930. At the time Demarest directed Orvis Brothers & Company to sell the 100 shares, there were 148 shares of the Bank of United States stock in their possession, all standing in the name of Dorfman, as nominee.

In that state of facts, the learned court at Special Term held that Dorfman was the nominee of the brokers; that the stock had been put in Dorfman's name for the brokers' convenience; that it was sold by Demarest through the brokers on December tenth; and that, therefore, Demarest is not liable to Dorfman.

In our opinion, in dismissing Dorfman's cross-claim against Demarest, the learned court at Special Term erred. As between Demarest and his brokers, who were acting merely as agents and custodians, following his instructions on the sale of the stock for his account and benefit, the liability for the stock assessment was on Demarest. In *Broderick* v. *Aaron* (152 Misc. 791) the court held that brokers who were carrying stock for customers on margin and had procured certificates issued in their own names were entitled to indemnity from the customers for whom the stock was being carried; that no question of equitable title was involved in such case, as the recovery rests on principles of agency; that the brokers had the right to put the stock in their own names as security

for the account, and that the resulting assessment was a liability incurred in the proper performance of their agency. While the brokers in the present case were not carrying the stock on margin, they, nevertheless, held the stock merely as custodian and agent of Demarest, their customer, and it was as much for the convenience of Demarest as it was for the brokers' convenience that the stock was put in Dorfman's name, as nominee, to enable Demarest to sell, as he did in this case, on his oral order, without first securing and indorsing the certificate. The certificate issued in Dorfman's name was marked in the brokers' transfer record " LA," *i. e.*, laid aside, the symbol or abbreviation put on certificates which the brokers were merely holding as custodians and in which they had no interest or title, direct or contingent; and that certificate was in fact delivered after the sale, December eleventh, for the account of Frank S. Demarest. Concededly, the brokers were at all times ready to meet the customer's demand, and on the facts in this record the liability they incurred was incurred in the proper performance of their agency.

*Broderick* v. *Aaron* [*Rice*] (264 N. Y. 368) is not an authority to the contrary. In that case the issue was between a stockholder of record who had sold the shares on December 10, 1930, and the purchaser, Rice & Co., who, on the same day, had resold the shares to a third party, prior to the closing of the bank. Rice & Co. moved for summary judgment. The Court of Appeals ruled that the motion should have been granted, holding that Rice & Co., purchaser from the record holder, having resold the shares to a third party on December tenth, prior to the closing of the bank, was not liable to the stockholder of record for the amount of the assessment. In that case and the other cases cited by respondent the issue was between vendor and vendee and the decisions were based on principles of equitable title. Here the issue is not between vendor and vendee, but between an agent, acting as a mere custodian, and his principal, for whose account and benefit the stock was carried.

Parrish & Company, the buyer from Demarest, originally had been joined as defendant, but a motion to dismiss as against Parrish & Company was granted, and that issue is not before us. Whatever would have been the liability as between Demarest and the buyer from Demarest, clearly as between Dorfman, the mere agent and custodian, and Demarest, the customer for whose benefit and account the agent was carrying the stock and to whom the agent concededly did account for the proceeds, the customer was liable to his brokers and agents. Dorfman, therefore, was entitled to judgment over against Demarest.

The judgment, so far as it dismisses, upon the merits, the cross-complaint of defendant Dorfman against the *interpleaded* defendant Demarest, should be reversed, with costs, and the final judgment modified by providing that Dorfman have judgment against Demarest on his cross-complaint for the amount of the assessment, including interest, levied on the 100 shares of stock, with costs.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur.

Judgment, so far as it dismisses, upon the merits, the cross-complaint of defendant Dorfman against the interpleaded defendant Demarest, reversed, with costs, and the final judgment modified by providing that Dorfman have judgment against Demarest on his cross-complaint for the amount of the assessment, including interest, levied on the 100 shares of stock, with costs.

Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.